UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUDI OLIVO,

                          Petitioner,                05 Civ. 3237 (PKC)

      -against-

                                            ORDER ADOPTING REPORT
                                           AND RECOMMENDATION

SUPERINTENDENT THORTON, Bayview
Correctional Facility

                          Respondent.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        In April 2001, after a jury trial in the New York Supreme Court, Bronx County, petitioner Judi Olivo was convicted of one count of Robbery in the First Degree (N.Y. PENAL LAW § 160.15[3]). She was sentenced to a term of imprisonment of ten years. Petitioner appealed her conviction, and it was affirmed. People v. Olivo, 4 A.D.3d 127 (1st Dep't 2004). She then sought leave to appeal to the New York Court of Appeals, and leave was denied. 2 N.Y.3d 764 (2004). Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the same grounds that were raised on appeal in the state courts: (1) she was denied her due process right to a fair trial, her right to present a defense, and her right to a jury trial by the trial court's failure to instruct the jury that it could consider whether the pretrial identification procedure was unduly suggestive in assessing the victim's in-court identification of petitioner; and (2) her conviction was against the weight of the evidence and/or the evidence was insufficient to support her conviction because the prosecution failed to prove (a) that the weapon involved in the crime was operable or was employed as a dangerous instrument and (b) that the victim suffered physical injury.

I referred the petition to the Honorable Andrew J. Peck, United States Magistrate Judge. On December 6, 2005, Judge Peck issued a 48-page Report and Recommendation ("R & R") in which he recommended that the Court deny the petition. The R & R advised the parties that they had ten days from service of the R & R to file any objections, and that failure to timely file such objections would result in any objections being waived. Petitioner twice requested extensions of time to file objections, which requests were both granted, resulting in petitioner's objections being due March 27, 2006. As of the date of this Order, no such objections have been filed. Therefore, petitioner has waived any right to object to the R & R. See, e.g., Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038 (1992).

Having reviewed Judge Peck's R & R, I find it to be well reasoned and thoroughly grounded in law. Judge Peck reviewed petitioner's submissions, the transcripts of petitioner's state court proceedings and case law governing the issues raised in the petition and properly concluded that: (1) petitioner's identification charge claim is procedurally barred;[1] and (2) petitioner's weight of the evidence claim is not cognizable on federal habeas review and her contentions as to the insufficiency of the evidence are meritless.

The R & R is adopted in its entirety, and the petition is DENIED. The Clerk is directed to enter judgment in favor of the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United

---

[1] Respondent has objected to the R&R "to the extent that it finds that petitioner's identification charge claim presents a federal constitutional issue." As the R&R makes clear, Judge Peck concluded – correctly – that petitioner's identification claim was procedurally barred, and addressed the merits of the claim only in the alternative. (R&R at 26-37) Respondent's objection does not alter the Court's conclusion that the R&R should be adopted in its entirety.

States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

       SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 12, 2006