UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JUDI OLIVO,

                     Petitioner,                    05 Civ. 3237 (PKC)

       -against-                            MEMORANDUM
                                         AND ORDER
                                 ADOPTING REPORT
                             AND RECOMMENDATION

SUPERINTENDENT THORTON, Bayview
Correctional Facility

                     Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        In April 2001, petitioner Judi Olivo was convicted of one count of Robbery in the

First Degree (N.Y. Penal Law § 160.15[3]) after a jury trial in New York Supreme Court, Bronx

County.  She was sentenced to a term of imprisonment of ten years.  Petitioner appealed her

conviction to the Appellate Division, First Department, and the conviction was affirmed.  People

v. Olivo, 4 A.D.3d 127 (1st Dep't 2004).  She sought leave to appeal to the New York Court of

Appeals, and leave was denied.  2 N.Y.3d 764 (2004).  She then filed this timely petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  I referred the petition to the Honorable

Andrew J. Peck, United States Magistrate Judge, who issued a Report and Recommendation ("R

& R") on December 6, 2005.  See Olivo v. Thorton, 2005 WL 3292542 (S.D.N.Y. Dec. 6, 2005).

In his R & R, Judge Peck recommended that the petition be denied.

        On June 12, 2006, having granted petitioner several requested extensions of time

to file objections to the R & R, and received no timely objections, I issued an Order holding that

petitioner had waived her right to object to the R & R, see Frank v. Johnson, 968 F.2d 298, 300

(2d Cir.), cert. denied, 506 U.S. 1038 (1992), adopting Judge Peck's R & R in its entirety, and

denying the petition. The following day, June 13, I received in chambers a letter from petitioner

dated June 11, 2006, inquiring about the status of her objections to Judge Peck's R & R.  I issued

an Order noting that no such objections had been received in my chambers, and that I had made

inquiry of Judge Peck's chambers and the Pro Se office, and neither had any record of having

received objections.  I ordered petitioner to provide the Court with a copy of her objections, and

any proof she had that they were, in fact, timely filed.

Petitioner sent the Court a copy of undated objections, along with a copy of a

form from the New York Department of Correctional Services which indicated that she had

requested that her inmate account be debited for mail sent to the Courthouse address on March

13, 2006, within the time for her objections to be timely filed.  On that basis, on June 21, 2006, I

vacated my Order of June 12 adopting the R & R, directed the Clerk to reopen this action, and

gave respondent until July 14, 2006 to respond to petitioner's objections if she so desired.

Respondent has not filed a response to petitioner's objections.  Thus, with petitioner's objections

in mind, I have conducted a de novo review of the underlying record, including the state court

transcripts.  See 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.  Having done so, I again adopt

Judge Peck's R & R and deny the petition for a writ of habeas corpus.  I briefly address each of

petitioner's claims in turn.

Jury Charge Claim

On appeal, petitioner claimed that the trial court's failure to instruct the jury that it

could consider the suggestiveness or reasonableness of a post-arrest lineup in assessing the

victim's in-court identification of petitioner violated her rights to a fair trial, to present a defense,

and to a jury trial.[1]  The Appellate Division, in affirming petitioner's conviction, found that her

challenge to the identification charge as delivered to the jury was unpreserved, and that, were the

court to review the claim on the merits, it "would find that the court's thorough and detailed

instructions conveyed the appropriate principles of law and properly directed the jury's attention

to the pertinent issues surrounding the identification."  People v. Olivo, 4 A.D.3d at 127.

As Judge Peck properly determined, the Appellate Division's conclusion that the

claim was not preserved for appeal – because petitioner failed to comply with New York's

"contemporaneous objection" rule – constituted an "adequate and independent state ground" for

finding the claim procedurally defaulted, which precludes habeas review unless petitioner can

show cause and prejudice, or that failure to consider the claim will result in a "fundamental

miscarriage of justice."  See Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006); Wainwright

v. Sykes, 433 U.S. 72, 86-87 (1977) (failure to comply with contemporaneous objection rule

constitutes adequate and independent state ground).  That the Appellate Division addressed the

merits of the claim in the alternative does not affect the conclusion that habeas review is barred.

See, e.g., Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 810 n.4 (2d Cir. 2000).  Thus, since

Olivo has not shown cause, prejudice or a fundamental miscarriage of justice, her claim based on

the jury instructions is procedurally barred.[2]

Weight and Sufficiency of the Evidence

---

[1] The claims raised on this petition are identical to those petitioner raised on appeal.

[2] Judge Peck, like the Appellate Division, also addressed the merits of petitioner's jury instruction claim in the alternative, finding the claim to be without merit.  See Olivo v. Thorton, 2005 WL 3292542 at *11-*13.  The Court agrees, for the reasons set forth in the R & R, that the jury instructions, considered as a whole, accurately reflected New York law, and could not have so infected petitioner's trial as to have violated her right to due process.

Petitioner also contends that her conviction was against the weight of the evidence and/or there was insufficient evidence to support her conviction.  These claims were raised in the Appellate Division only by means of a pro se supplemental brief, and not by petitioner's appellate counsel.  The Appellate Division noted in its decision that it had "considered and rejected the claims contained in [petitioner]'s pro se supplemental brief."  People v. Olivo, 4 A.D.3d at 127.

As Judge Peck noted, weight of the evidence claims arise purely under state law, and are not cognizable on federal habeas review.  See Olivo v. Thorton, 2005 WL 3292542 at *13-*14 (citing cases).  With regard to the claim that the evidence presented at trial was insufficient to support the jury's verdict finding petitioner guilty of Robbery in the First Degree, Judge Peck applied the proper standard under Jackson v. Virginia, 443 U.S. 307 (1979).  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319 (citation omitted) (emphasis in original).  The requirement that a court view the evidence in the light most favorable to the prosecution results in petitioner being subject to "a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence."  Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002).  A habeas court must "decide whether the record is so totally devoid of evidentiary support that a due process issue is raised."  Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994) (internal quotation marks and citation omitted), cert. denied, 514 U.S. 1054 (1995).

Petitioner's claims based on the insufficiency of the evidence are, as thoroughly explained by Judge Peck, largely premised on a fundamental misunderstanding of the New York Robbery statute pursuant to which she was convicted.  Petitioner claims the evidence at trial was

4

insufficient to show that the weapon used in the robbery was operable, or that it was used or

threatened to be used as a dangerous weapon.  She also claims the evidence was insufficient to

show that the victim of the robbery suffered physical injury.  The statute under which petitioner

was charged and convicted, however, requires neither proof of physical injury to the victim nor

proof that an operable weapon was used.  See N.Y. Penal Law § 160.15[3].[3]

   With regard to the "dangerous instrument" contention, the trial testimony of the

victim established that, in the course of the robbery, petitioner held a box cutter or similar

"blade" instrument up against the underside of the victim's chin and threatened to cut the victim

if she did not turn over her money, and that the victim was cut on the neck during the course of

the incident.  (Tr. 440-41, 443-44, 445-46, 448)  As Judge Peck concluded, a box cutter or other

blade constitutes a "dangerous instrument" for purposes of New York's First Degree Robbery

statute.  See Olivo v. Thorton, 2005 WL 3292542 at *15 (citing, inter alia, Harmon v. State of

New York, 2001 WL 1590522 at *2 (E.D.N.Y. Dec. 11, 2001)).  Thus, the testimony of the

victim established the required elements of the crime.

   The Appellate Division's decision that there was sufficient evidence to sustain

petitioner's conviction for First Degree Robbery cannot be said to have been contrary to, or an

unreasonable application of clearly established federal law, or to have been based on an

unreasonable determination of the facts, the applicable standard under the Antiterrorism and

Effective Death Penalty Act.  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

---

[3] Section 160.15[3] provides that: "A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [u]ses or threatens the immediate use of a dangerous instrument."  Though other subsections of section 160.15 mention physical injury or the requirement that a firearm be capable of firing a shot, these subsections constitute alternate grounds for charging First Degree Robbery, and the requirements thereof simply do not apply to a charge under subsection [3].  See Olivo v. Thorton, 2005 WL 3292542 at *15.

Conclusion

        Having reviewed the petition, all submissions in support and opposition, the state court transcripts and petitioner's objections to Judge Peck's R & R, I find the R & R to be well-reasoned and thoroughly grounded in law. The Report and Recommendation is adopted in its entirety, and the petition is DENIED. The Clerk is directed to enter judgment accordingly.

        As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

        SO ORDERED.

                               P. Kevin Castel
                          United States District Judge

Dated: New York, New York
       September 19, 2006